**Nicholas A Kahl**, OSB No. 101145
Email: nick@nickkahl.com
NICK KAHL, LLC
209 SW Oak Street, Suite 400
Portland, OR 97204
Telephone: (971) 634-0829
Facsimile: (503) 227-6840

**David R. Dubin***
ddubin@ldclassaction.com
**Nicholas A. Coulson***
ncoulson@ldclassaction.com
**Pro Hac Vice* Applications to be submitted
LIDDLE & DUBIN, P.C.
975 E. Jefferson Avenue
Detroit, MI 48207
Telephone: (313) 392-0015
Facsimile (313) 392-0025

**Attorneys for Plaintiff**

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ROBERT CHANDLER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CONDOR FLUGDIENST GMBH, a foreign corporation,<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION ALLEGATION COMPLAINT**<br><br>Breach of Contract (28 USC § 1332)<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Robert Chandler ("Plaintiff"), by and through his counsel, files this Class Action Complaint against Condor Flugdienst GmbH, (hereinafter "Defendant" or "Condor"), on behalf

Page 1 of 14 – CLASS ACTION ALLEGATION COMPLAINT

NICK KAHL ATTORNEY

p: 971-634-0829
f: 503-227-6840
209 SW Oak Street, Suite 400
Portland, OR 97204

of himself and on behalf of a class of similarly situated individuals, and alleges, upon personal knowledge as to his own actions, and upon investigation of counsel as to all other matters, as follows:

## I. INTRODUCTION

1. The Covid-19 pandemic confronts Americans with one of the greatest health and economic crises in the history of our nation, threatening the lives and livelihoods of millions. Shared sacrifice and mutual responsibility have never been more important to navigate these uncertain times. Tens of millions of people have been forced to file for unemployment in a matter of weeks, and pocketbooks are being stretched like never before. For individuals and businesses alike, the need for cash and liquidity has never been greater.

2. Unfortunately, Condor, an international airline that carries nearly ten million passengers on an annual basis, has refused to honor its contractual obligations during this crisis.

3. With mounting flight cancellations due to the Covid-19 pandemic, Defendant has refused to provide contractually guaranteed monetary refunds for cancelled flights to passengers. Defendant has reprehensibly extracted maximum capital from customers, while padding their own balance sheets. Defendant's innocent customers are now left holding the bag.

4. In lieu of contractually guaranteed refunds, Defendant has, at best, required Plaintiff and the Class to accept devalued, expiring flight coupons for use on its own airline that carry substantially less or no value to Plaintiff and the Class during this uncertain time.

5. Defendant's uniform conduct is equally applicable to Plaintiff and the Class. Plaintiff brings this action against Defendant for breach of contract and to seeks an order from this Court requiring Defendant to, among other things, (1) discontinue the illegal practice of issuing coupons in lieu of refunds to any Class Member who has not requested coupons, and (2) pay

Page 2 of 14 –   CLASS ACTION ALLEGATION COMPLAINT

NICK KAHL
ATTORNEY

p: 971-634-0829
f: 503-227-6840

209 SW Oak Street, Suite 400
Portland, OR 97204

damages and/or restitution to Plaintiff and the Class.

## II. PARTIES, JURISDICTION, & VENUE

6.   Plaintiff Robert Chandler is an individual and a citizen of Oregon.

7.   Defendant Condor is a foreign corporation organized under the laws of Germany, with its principal place of business in Frankfurt, Germany.

8.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2). The amount in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which there are numerous class members who are citizens of states different from Defendant, a citizen of a foreign state.

9.   This Court has personal jurisdiction over Defendant because Defendant conducts substantial business in Oregon, including entering into contracts with Oregon residents, maintaining a continuous physical business presence in Oregon, and providing flights and services in Oregon. Further, a substantial portion of the acts complained of herein took place in Oregon.

10.  Venue is proper in this District because Defendant systematically and continuously conducts business in this District and many of the events that gave rise to Plaintiff's claims occurred in this District.

## III. FACTUAL ALLEGATIONS

11.  Condor is an international air carrier that ordinarily carries nearly 10 million passengers per year, servicing dozens of continents, including Europe, Africa, North America, and South America.

12.  Defendant's flight route network provides regular routes to numerous airports and destinations in the United States, including Portland, Seattle, Baltimore-Washington, Las Vegas, Minneapolis, Anchorage, New Orleans, Pittsburgh, Fairbanks, and Phoenix.

Page 3 of 14  –  CLASS ACTION ALLEGATION COMPLAINT

NICK KAHL
ATTORNEY

p: 971-634-0829
f: 503-227-6840

209 SW Oak Street, Suite 400
Portland, OR 97204

13. Defendant offers and operates flights that depart from and arrive at Portland International Airport, located in this District.

14. Defendant offers and sells flight tickets directly to customers, who make monetary payments to Defendant in exchange for a selected flight itinerary that conforms to customer's specifically selected travel schedule. Defendant also offers flights through multiple online third-party booking sites.

15. Defendant collects passenger identification information as part of each ticket sale, including name, address, and telephone information, and each ticket purchased guarantees customers a seat on a specific, scheduled flight departing at a specific time from a specific airport.

16. As part of each ticket purchase, Defendant makes a promise and warranty to customers that in the event of a flight cancellation or substantially interrupted flight, customers are entitled to a full cash refund.

17. Defendant's "General Terms of Business and Carriage for flights to/from the United States of America (GTBC of USA)" are the contract governing Plaintiff's travel and that of the Class.

18. Defendant updated its contract in September of 2019 and January of 2020, but the material terms governing the claims of all class members are substantively the same.

19. In Article 15.5 (14.5 in the January 2020 version) of the GTBC of USA, Defendant promises that "[i]n case of the cancellation of a scheduled flight, you have the same right to receive customer care services, compensation and the refund of ticket costs as in the case of non-carriage subject to the requirements mentioned." The referenced "non-carriage" provision provides that "we will offer you alternative carriage to your destination airport under comparable conditions. If you refuse the carriage offered, you are entitled to have the ticket costs refunded."

Page 4 of 14 –   CLASS ACTION ALLEGATION
COMPLAINT

NICK KAHL
ATTORNEY

p: 971-634-0829
f: 503-227-6840

209 SW Oak Street, Suite 400
Portland, OR 97204

20. Under U.S. law, 49 U.S.C.S. 41712 prohibits unfair or deceptive practices in the air carrier industry and "since at least the time of an Industry Letter of July 15, 1996 … the [DOT's] Aviation Enforcement Office has advised carriers that refusing to refund a non-refundable fare when a flight is cancelled and the passenger wishes to cancel is a violation" of that section. Enhancing Airline Passenger Protections, 76 Fed. Reg. 23110-01, 23129.

21. Upon information and belief, prior to the Covid-19 crisis, Defendant generally honored its promises and warranties to offer U.S. passengers full refunds, as required by applicable DOT rules and regulations.

**Defendant's Response to the Covid-19 Pandemic**

22. On January 30, 2020, the World Health Organization declared the Covid-19 virus a public health emergency of international concern.

23. As of late-February, Covid-19 confirmed cases in the United States were detected and exponentially increasing, including cases that were not caused by recent international travel but through community spread.

24. On March 11, 2020, the WHO officially declared Covid-19 a global pandemic.

25. Throughout March, daily cases of Covid-19 were increasing dramatically as well, in addition to many of the 36 countries where they offer air travel.

26. By March, it was abundantly clear that the United States was going to be hit hard by the rapidly spreading Covid-19 pandemic and that dramatic changes to ordinary consumer behavior, including widespread discontinuation of non-essential travel and congregating in enclosed spaces (like airports and airplanes), were imminent.

27. Across the United States, state and local governments began issuing shelter-in-place orders that specifically prohibited non-essential travel, specifically including air travel

Page 5 of 14 –   CLASS ACTION ALLEGATION
                        COMPLAINT

NICK KAHL
ATTORNEY

p: 971-634-0829
f: 503-227-6840

209 SW Oak Street, Suite 400
Portland, OR 97204

because of the extraordinary risk that air travel presented to the ability to strictly adhere to social distancing standards and avoid inter-community and inter-state travel—both of which threatened to dramatically increase the spread of the virus.

28. The U.S. Federal Government issued social distancing guidelines that further warned of the substantial risks of human-to-human and community spread of the virus, and air travel was clearly discouraged.

29. It was entirely known and foreseeable to Defendant that many of its previously scheduled flights, arriving in and departing from the United States, would need to be cancelled in order to protect the public from a catastrophic infection spread and loss of life and respond to the dramatically decreased demand for air travel.

30. Yet, Defendant quietly ceased honoring contractual agreements with Plaintiff and the putative class by discontinuing monetary refunds for cancelled and substantially rescheduled flights. Instead, at best, Defendant required passengers to accept only devalued redeemable credits for future use on their own airline.

31. Defendant erected bureaucratic barriers which prevented passengers from requesting and obtaining refunds or flight credits, ensuring a windfall for Defendant.

32. Defendant also set untenable expiration dates on the future credits, permitting the company to receive a windfall because many passengers will not redeem the credits.

33. The practice of offering expiring credits in lieu of refunds is particularly wrongful and inadequate during the Covid-19 epidemic because it remains entirely unclear when international air travel will once again be safe.

34. The future flight credits provide Defendant additional opportunities to charge service, processing, baggage, and other fees that will ensure Defendant additional future profits—

Page 6 of 14 – CLASS ACTION ALLEGATION COMPLAINT

NICK KAHL
ATTORNEY

p: 971-634-0829
f: 503-227-6840

209 SW Oak Street, Suite 400
Portland, OR 97204

while retaining Plaintiff cash in the interim—substantially diminishing any value for Plaintiff and the putative class.

35. Recognizing the abuse, and potential for abuse, by Defendant and other airline companies, the United States Department of Transportation ("DOT") was forced to step in to remind Defendant that they remain under an obligation to provide passengers with their rights to a refund for any cancelled U.S. flight resulting from the Covid-19 pandemic.

36. On April 3, 2020, the DOT issued a notice to remind carriers that, "passengers should be refunded promptly when their scheduled flights are cancelled or significantly delayed."[1] The notice stated that "[a]lthough the COVID-19 public health emergency has had an unprecedented impact on air travel, the airlines' obligation to refund passengers for cancelled or significantly delayed flights remains unchanged." (Emphasis added).

37. The DOT notice continued that:

[t]he Department is receiving an increasing number of complaints and inquiries from ticketed passengers, including many with non-refundable tickets, who describe having been denied refunds for flights that were cancelled or significantly delayed. In many of these cases, the passengers stated that the carrier informed them that they would receive vouchers or credits for future travel. But many airlines are dramatically reducing their travel schedules in the wake of the COVID-19 public health emergency. As a result, passengers are left with cancelled or significantly delayed flights and vouchers and credits for future travel that are not readily usable. Carriers have a longstanding obligation to provide a prompt refund to a ticketed passenger when the carrier cancels the passenger's flight or makes a significant change in the flight schedule and the passenger chooses not to accept the alternative offered by the carrier. The longstanding obligation of carriers to provide refunds for flights that carriers cancel or significantly delay does not cease when the flight disruptions are outside of the carrier's control (e.g., a result of government restrictions). The focus is not on whether the flight disruptions are within or outside the carrier's control, but rather on the fact that the cancellation is through no fault of the passenger. Accordingly, the Department continues to view any contract of carriage provision or airline policy that purports to deny refunds to passengers when the carrier cancels a flight, makes a significant schedule change,

---

[1] Available at https://www.transportation.gov/sites/dot.gov/files/2020-04/Enforcement%20Notice%20Final%20April%203%202020_0.pdf (last visited May 8, 2020).

Page 7 of 14 –   CLASS ACTION ALLEGATION
                 COMPLAINT



p: 971-634-0829
f: 503-227-6840

209 SW Oak Street, Suite 400
Portland, OR 97204

or significantly delays a flight to be a violation of the carriers' obligation that could subject the carrier to an enforcement action.

…

Specifically, the Aviation Enforcement Office will refrain from pursuing an enforcement action against a carrier that provided passengers vouchers for future travel in lieu of refunds for cancelled or significantly delayed flights during the COVID-19 public health emergency so long as: (1) the carrier contacts, in a timely manner, the passengers provided vouchers for flights that the carrier cancelled or significantly delayed to notify those passengers that they have the option of a refund; (2) the carrier updates its refund policies and contract of carriage provisions to make clear that it provides refunds to passengers if the carrier cancels a flight or makes a significant schedule change; and (3) the carrier reviews with its personnel, including reservationists, ticket counter agents, refund personnel, and other customer service professionals, the circumstances under which refunds should be made.

38. In addition to violation of its own contract of carriage, Defendant has failed to conform to the April 3, 2020 DOT Notice and 49 U.S.C. 41712 and offer full refunds to its passengers.

39. Defendant has deprived Plaintiff and the Class of the monetary refunds to which they are entitled by (1) failing to provide refunds to their credit or debit cards; (2) oftentimes issuing coupons or vouchers in place of refunds; (3) rendering it functionally impossible to specifically request refunds or vouchers/coupons by inaccessibility of customer service, with wait times of several hours frequently reported; and/or (4) obscuring passengers' right to a monetary refund.

40. To the extent that it can be argued that Defendant's terms purport to require any affirmative action on the part of any passenger to choose a monetary refund over an automatic coupon or voucher, which by their terms they do not, such requirement is void as contrary to law and public policy.

**Plaintiff's Use of Defendant's Services**

41. On or about August 21, 2019, Plaintiff Robert Chandler purchased a ticket directly

Page 8 of 14  –  CLASS ACTION ALLEGATION COMPLAINT

NICK KAHL
ATTORNEY

p: 971-634-0829
f: 503-227-6840

209 SW Oak Street, Suite 400
Portland, OR 97204

from Defendant for travel that was scheduled to depart on May 15, 2020 from Munich, Germany, connect through Frankfurt (via codeshare with Lufthansa on flight LH 105) and depart Frankfurt for Portland (Condor flight DE2090).

42.    Plaintiff paid $679.99 for the ticket using a credit card.

43.    Defendant cancelled Plaintiff's flight.

44.    Defendant refused to provide or offer Plaintiff a monetary refund for the ticket, instead requiring Plaintiff to accept an expiring voucher. Defendant purported to have no obligation to provide refunds based on its separation from its prior parent company, Thomas Cook Airlines.

45.    Plaintiff made attempts to request a monetary refund from Defendant but was unable to obtain one.

46.    No leg or portion of Plaintiff's scheduled flight through Defendant's airline occurred.

47.    Plaintiff did not engage in any international air travel in relation to the tickets he purchased from Defendant.

48.    Defendant did not and cannot provide Plaintiff alternative transportation of any kind in relation to the ticket he purchased.

49.    Plaintiff's flight was not and will not be rescheduled by Defendant.

50.    Plaintiff does not want an expiring coupon/voucher for use on Defendant's airline in lieu of a monetary refund and has no use for one.

51.    Plaintiff has suffered damages as a result of Defendant conduct.

### IV. CLASS ALLEGATIONS

52.    Plaintiff brings this class action under Rule 23 and seeks certification of the claims

Page 9 of 14 –    CLASS ACTION ALLEGATION
                  COMPLAINT

NICK KAHL
ATTORNEY

p: 971-634-0829
f: 503-227-6840

209 SW Oak Street, Suite 400
Portland, OR 97204

and issues in this action pursuant to the applicable provisions of Rule 23. The proposed class is defined as:

> All persons residing in the United States or its territories who purchased tickets for travel on a Condor flight to operate from March 1, 2020 through the date of a class certification order, whose flight(s) were canceled by Defendant, and who were not provided a monetary refund, including charges and fees. Excluded from the Class are (a) any person who has specifically requested a coupon or voucher in lieu of a monetary refund; (b) any person who requested and received alternative air transportation in lieu of a monetary refund; (c) all persons who are employees, directors, officers, and agents of either Defendant; (d) governmental entities; and (e) the Court, the Court's immediate family, and Court staff.

53. Plaintiff reserves the right to amend or modify the Class definitions with greater specificity or division into subclasses after having had an opportunity to conduct discovery.

54. **Numerosity.** Fed. R. Civ. P. 23(a)(1). Defendant carries millions of passengers per year on thousands of normally scheduled of flights. A significant percentage of those flights beginning in March 2020 have been cancelled. At a minimum, there are thousands of Class Members but very likely many more. The exact size of the proposed class and the identity of all class members can be readily ascertained from Defendant's records.

55. **Commonality.** Fed. R. Civ. P. 23(a)(2) and (b)(3). There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members. Common issues include:

    a. Whether Defendant formed contracts with its passengers in selling them tickets for air travel;

    b. Whether Defendant's conduct breaches the terms of its contracts with its passengers;

    c. Whether Defendant is required to provide a monetary refund, rather than an expiring voucher, to passengers for cancelled flights;

Page 10 of 14 – CLASS ACTION ALLEGATION COMPLAINT

NICK KAHL
ATTORNEY

p: 971-634-0829
f: 503-227-6840

209 SW Oak Street, Suite 400
Portland, OR 97204

   d.  The nature of the relief, including equitable relief, to which Plaintiff and the class are entitled.

56. **Typicality.** Fed. R. Civ. P. 23(a)(3). Plaintiff's claims are typical of the claims of the Class he seeks to represent. Plaintiff and all Class members were exposed to substantially similar contracts, breaches, and sustained injuries arising out of and caused by Defendant's unlawful conduct, which occurred pursuant to a uniform policy.

57. **Adequacy of Representation.** Fed. R. Civ. P. 23(a)(4). Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Further, Plaintiff's counsel is competent and experienced in litigating class actions.

58. **Superiority.** Fed. R. Civ. P. 23(b)(3). A class action is superior to any other available means for the fair and efficient adjudication of this controversy. The claims of Plaintiff and individual class members are small compared to the burden and expense that would be required to separately litigate their claims against Defendant, and it would be impracticable for class members to seek redress individually. Litigating claims individually would also be wasteful to the resources of the parties and the judicial system and create the possibility of inconsistent or contradictory judgments. Class treatment provides manageable judicial treatment which will bring an orderly and efficient conclusion to all claims arising from Defendant's misconduct. Class certification is therefore appropriate under Rule 23(b)(3).

59. Class certification is also appropriate under Rule 23(b)(1), as the prosecution of separate actions by individual members of the class would create the risk of adjudications with respect to individual class members that would, as a practical matter, be dispositive of the interests of other members not parties to the adjudication and substantially impair their ability to protect those interests.

**Page 11 of 14 – CLASS ACTION ALLEGATION COMPLAINT**

NICK KAHL
ATTORNEY

p: 971-634-0829
f: 503-227-6840

209 SW Oak Street, Suite 400
Portland, OR 97204

60. Class certification is also appropriate under Rule 23(b)(2), as Defendant has acted and/or refused to act on grounds generally applicable to the class, thereby making final injunctive relief or corresponding declaratory relief appropriate for the class.

## FIRST CAUSE OF ACTION

(Breach of Contract)

61. Plaintiff incorporates all factual allegations in the Complaint by reference as if fully set forth herein.

62. A contract was formed between Plaintiff and Class members on the one hand and Defendant on the other with respect to the purchase of airfare.

63. The contract was offered by Defendant and formed at the time Plaintiff and the Class accepted it by purchasing their tickets.

64. The contract that governs the transactions at issue in this case requires monetary refunds for cancelled flights where the passenger does not elect to take substitute transportation.

65. Plaintiff and the Class performed their obligations under the contract.

66. Defendant breached the contract when it denied monetary refunds to passengers on canceled or substantially delayed/interrupted flights.

67. Defendant's breaches were willful and not the result of mistake or inadvertence.

68. As a result of Defendant's breach, Plaintiff and other Class members have been damaged in an amount to be determined at trial.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the class of similarly situated individuals, requests the Court to:

1. Certify the case as a class action pursuant to Rule 23 of the Federal Rules of Civil

Page 12 of 14 – CLASS ACTION ALLEGATION COMPLAINT

NICK KAHL
ATTORNEY

p: 971-634-0829
f: 503-227-6840

209 SW Oak Street, Suite 400
Portland, OR 97204

Procedure, designate Plaintiff as representative of the class and designate counsel of record as class counsel;

2. Order Defendant to provide actual damages and equitable monetary relief (including restitution) to Plaintiff and class members and/or order Defendant to disgorge profits realized as a result of its unlawful conduct;

3. Order Defendant to pay punitive damages, as allowable by law, to Plaintiff and class members;

4. Declare Defendant's conduct unlawful and enter an order enjoining Defendant from continuing to engage in the conduct alleged herein;

5. For prejudgment interest at the maximum allowable rate on any amounts awarded;

6. For post-judgment interest at the maximum allowable rate on any amounts awarded;

7. For costs of the proceedings herein;

8. For reasonable attorneys' fees as allowed by law; and

9. Award such other relief as the Court deems appropriate under the circumstances.

## JURY DEMAND

Plaintiff, on behalf of himself and the Class of all others similarly situated, hereby demands a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: May 20, 2020                                        Respectfully submitted,

                                                            s/ Nicholas A. Kahl
                                                            Nicholas A. Kahl, OSB#101145
                                                            **Nick Kahl, LLC**
                                                            209 SW Oak Street, Suite 400
                                                            Portland, Oregon 97204
                                                            Tel: 971-634-0829

Page 13 of 14  –  CLASS ACTION ALLEGATION COMPLAINT

p: 971-634-0829
f: 503-227-6840

209 SW Oak Street, Suite 400
Portland, OR 97204

NICK KAHL
ATTORNEY

Fax: 503-227-6840
nick@nickkahl.com

Page 14 of 14 – CLASS ACTION ALLEGATION COMPLAINT

NICK KAHL
ATTORNEY

p: 971-634-0829
f: 503-227-6840

209 SW Oak Street, Suite 400
Portland, OR 97204